**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAKOTA CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | ) | Civil Action No.: 06-553<br>(Judge Bruggink) |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Takota Corporation ("Takota," or "Plaintiff"), by undersigned counsel and in accordance with Rules 7(b) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully moves the Court to grant Partial Summary Judgment and overturn the Contracting Officer's termination for default. In support thereof, Plaintiff respectfully states:

1. This is an action arising out of the Department of Navy's ("Navy") default termination of Contract No. N62470-05-C-7156 (the "Contract") pursuant to the Contracting Officer's final decision dated May 24, 2006. The Contract called for the extension of two boat ramps and dredging at the Hancock Marina, Marine Corps Air Station Cherry Point, North Carolina.

2. Shortly after commencing the work required by the Contract, Takota notified the Contracting Officer on October 28, 2005 of an unsafe condition regarding the condition of the Seawalls that surrounded the Hancock Marina and which was impeding dewatering efforts that would permit Takota to work on the boat ramps in a dry condition.

3. In light of this unsafe condition, the contract documents required Takota to stop work and await direction from the Navy.

4. Subsequent to the notice, the Navy and Takota spent several months discussing a remedy for the Seawall condition that would permit construction activities to proceed. Eventually, the Navy and Takota agreed upon an approach to correct the condition, but when the Navy discovered that funding did not exist, and that Takota had submitted a claim, the Navy, in bad faith, decided to terminate Takota's contract for default.

5. Notwithstanding the Navy's bad faith intentions to default terminate Takota's contract, the Navy's alleged reason for termination is procedurally defective. Prior to terminating Takota's contract, the Navy failed to adjust the contract completion date to account for the Navy's delays in providing direction to Takota associated with the Seawall condition. Moreover, by the Navy's conduct (i.e., directing Takota to resume the work), the failure of Takota to achieve completion by the original completion date cannot be utilized as a justification for termination without having established a new completion date.

6. The government refused and failed to provide direction to Takota until March 7, 2006, a date more than 60 days beyond the scheduled contract completion date of January 3, 2006. When finally providing Takota direction on March 7, 2006, the government failed to grant Takota a time extension for the period (October 28, 2005 through March 7, 2006) during which the parties had attempted to negotiate a contract modification to repair the previously unknown condition so that the Contract work could proceed.

7. When providing Takota direction on March 7, 2006, the government refused and failed to establish a revised contract completion date that reflected an adjustment for the hiatus between October 28, 2005 and March 7, 2006. Indeed, the Navy's Show Cause Notice acknowledged the need for a new completion date to reflect the delay in work between November 2005 and May 2006.

8. There are no material issues of fact in dispute regarding the Navy's failure to establish a new completion date, and its waiver of the original completion date. As a matter of law, therefore, the Contracting Officer's basis for terminating Takota's contract is erroneous.

9. Pursuant to Rule 56(h) (1), Plaintiff's Proposed Findings of Uncontroverted Fact is attached to this Motion.

10. Pursuant to Rules 7(b) and 5.2, Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment is attached to this Motion.

WHEREFORE, for all the reasons discussed above and in Plaintiff's Proposed Findings of Uncontroverted Fact and Memorandum of Law, the Court should find that Plaintiff is entitled to summary judgment as a matter of law and that the Navy's default termination of Takota is improper and should be overturned. Once overturned, the Court should direct the Navy to convert the termination to a termination for the convenience of the government and pay Takota its costs incurred in its attempt to perform the Contract as well as its costs and attorneys fees incurred in defending the wrongful termination.

May 2, 2008

Respectfully submitted,

/s/ Robert J. Symon
ROBERT J. SYMON
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
(202) 393-7150

*Counsel of Record for Plaintiff*
*TAKOTA CORPORATION*

Of Counsel:

JEREMY BECKER-WELTS
Bradley Arant Rose & White LLP

1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
(202) 393-7150

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2008, a true and correct copy of the foregoing Plaintiff's Motion for Partial Summary Judgment; Plaintiff's Proposed Findings of Uncontroverted Fact; and Plaintiff's Memorandum of Law were served by electronic transmission to:

Jane C. Dempsey, Esq.
U.S. Department of Justice
1100 L St., NW, Room 12138
Washington, DC 20005
E-mail: Jane.Dempsey@usdoj.gov

*Counsel for the United States*

/s/ Robert J. Symon
ROBERT J. SYMON