**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAKOTA CORPORATION<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 06-553 C<br>(Judge Bruggink) |

**OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED CROSS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Plaintiff Takota Corporation, through the undersigned counsel, opposes the Defendant's Request for Leave of Court to File on an Amended Motion for Summary Judgment and Response to Plaintiff's Partial Motion for Summary Judgment and an Amended Proposed Findings of Uncontroverted Fact.

In its original filing, the Government alleges that Takota engaged in fraudulent conduct during its performance of the contract, and this conduct, supports a termination for default. The fraud contention is based entirely on supposition, conjecture, and a reckless disregard for the facts. The Government's contention is not only unsupported by the record, it is <u>expressly contradicted</u> by the record. To characterize the Government's contention charitably, it is, at best, a gross misunderstanding of the law of federal contracting -- especially construction. But, Takota truly believes based upon this latest filing and past conduct of the Government, that the accusation of fraud is a deliberate attempt on the part of the Government to intimidate Takota and to increase the cost of litigation.

Under FAR 52.232-5(c), a contractor is required to provide a certification in its applications for progress payments which states, in relevant part:

> "I hereby certify, to the best of my knowledge and belief, that—
>
> (1) All payments **due** to subcontractors and suppliers **from previous payments received under the contract** have been made, and timely payments will be made from the proceeds of the payment covered by this certification, in accordance with subcontract agreements and the requirements of Chapter 39 of Title 31, United States Code.
>
> (Emphasis added).

In essence, the Government claims that Takota falsely certified that payments had been, or would be, made to subcontractors (specifically Montemayor and United Rentals) in two specific contract payment applications (Nos. 1 and 2) for the project.[1] In making this claim, however, the Government fails to recognize two critical factors: (1) the Montemayor subcontract was never consummated; and (2) the detailed line item charges in these payment applications did not include any sums for Montemayor or United Rentals. If there is no subcontract, there can be no obligation to pay the subcontractor. Likewise, if the payment applications at issue do not include a request for payment for the subcontractor's work that is at issue, payment for such work cannot be deemed 'due' in order to demonstrate a false certification. Had the Government made even the slightest of inquiry into its contention that Takota falsely certified these payment applications, they could have easily discovered these facts. Government counsel was verbally advised of these facts and requested to retract the contentions on July 28, 2008 and again in writing on August 6, 2008, but the Government has refused. (See Exhibit 1).

Section 52.232-5 is the implementation within the FAR of the Prompt Payment Act ("PPA"), 31 U.S.C. § 3903(b)(1). The FAR requirement to certify that payment has been, or will be made, to subcontractors serves the purpose of flowing down the Government's obligation to promptly pay properly presented invoices. One of the key provisions of FAR 52.232-5 that any

[1] It is clear that the Government is trying to mold the facts to accomplish a finding of a false certification similar to this Court's decision in *Lamb Engineering & Construction Company v. U.S.*, 2002 WL 32933387 (Fed. Cl.) (unpublished).

examiner must consider is the term 'payments due to subcontractors.' This term necessarily implies that the certification only provides for instances where the certifying contractor has a contractual obligation to pay a subcontractor from the proceeds of the particular payment application. Here, an obligation to pay Montemayor or United Rentals clearly did not exist for Takota *vis a vis* Takota's Payment Applications Nos. 1 and 2.

For this project, Takota *never* entered into a subcontract with Montemayor. Takota presented them a subcontract which required payment and performance bonds. Montemayor *never* furnished the required bonds and neither party signed the contract. Moreover, Takota *never* billed for any work allegedly performed by Montemayor in the pay applications referenced by the Government in the pleadings. (*See* Sworn Statement of Arthur Caprario attached as Exhibit 2). As argued by the Government, the written record may look like a subcontract was contemplated, but very little follow up on the part of the Government (i.e. a deposition or interrogatory) would have resulted in the discovery that no contract was formed and no pay application included amounts for Montemayor.[2] Indeed, that is the very purpose of discovery. Similar inquiry by the Government concerning payment to United Rentals would have revealed that a false certification claim is reckless. United Rentals was originally a supplier to Montemayor for the project. After the Montemayor contract failed to form, Takota did order equipment from United Rentals for the project, but neither Payment Applications 1 or 2 included those amounts. *Id*. Limited discovery beyond the simple citation to United Rentals surety bond claim for unpaid amounts would have revealed this fact. And if the Government is contending that because these subcontractors claimed they were due money from Takota, and Takota certified that subcontractors were paid, as the basis of fraud, the Government has a fundamental

[2] For example, the Government acknowledges that an executed subcontract between Takota and Montemayor was not produced. One question on its whereabouts would have been eliminated this issue.

misunderstanding of the payment certification required by the FAR. (See page 18 of Amended Cross Motion: "Takota committed fraud when it failed to pay its subcontractor, Montemayor, and its supplier, United Rentals, even after it had certified in three progress invoices to the Navy, that its subcontractors and suppliers had been paid or would be paid.")[3]

Now, through this latest submission, after discussing the matter with Takota's counsel, the Government, recognizing the weakness of its original contentions, is attempting to amend its argument that Takota committed fraud to include the Schedule of Values for the project:

> Upon a discussion with plaintiff's counsel on July 28, 2008 regarding our argument that the defendant properly terminated plaintiff for default based upon fraud, which we asserted in our original brief, we carefully reviewed our brief and concluded that certain necessary facts in support of our argument had not been articulated.

(See Defendant's Cross-Motion at page 1). One of those facts apparently involved Takota's submission of a revised Schedule of Values. (See Defendant's Amended Cross-Motion at page 20). A "careful" review of the facts and the mechanics of a Schedule of Values demonstrates this assertion is absurd.

Takota submitted its first payment application on October 4, 2005, without an approved Schedule of Values. It was rejected by the Navy because Takota had included mobilization and demobilization costs as pay items. (See Exhibit 2, paragraph 4). In that first payment application, Takota estimated mobilization costs in the amount of $27,000 and demobilization costs in the amount of $18,000. *Id*. Then, pursuant to a Government instruction, these proposed expenses were distributed to the other line items on the Schedule of Values on a pro rata basis. *Id*. It appears that the Government is contending that Takota's initially submitted Schedule of Values was fraudulent. Plaintiff's counsel's explained to the Government how some contractors

---

[3] Montemayor submitted invoices to Takota for payment, but these invoices were never passed through to the Navy and the Government has presented no evidence of the same. Nor has the Government presented any evidence that amounts for United Rentals were included in any of the referenced pay applications.

are allowed by Contracting Officers to charge mobilization up front while others are required to spread those costs among the other line items on a Schedule of Values. Yet, the Government amends its Cross-Motion to include this fact as part of its fraud allegations.

A Schedule of Values is a payment tool. The parties establish pay items and estimate values for those pay items that total the fixed price of the contract. As the work progresses, the parties estimate the percentage of completion for each line item and then payment based upon a calculation of applying the percentage to the scheduled item is made which results in the payment. Some agencies will pay for mobilization and demobilization costs as pay items and some will not. The Navy is apparently an agency that will not, and therefore, Takota upon rejection by the Navy of those items redistributed those estimated costs across other line items when it submitted Payment Application # 2 (compare with Payment Application #1). There is nothing fraudulent about this and there is no false certification.

Accordingly, Plaintiff opposes to the Government's Motion for Leave to what amounts to a change of story in order to maintain its claim of fraud because it did not do its due diligence the first time around. Moreover, there clearly is no basis in the first instance for making an allegation of fraud and Plaintiff will shortly make a request that the Court award its legal fees and expenses responding to this motion and to strike all references to fraud allegations in the current pleadings filed by the Government.

Dated: August 7, 2008

Respectfully submitted,

/s/ Robert J. Symon

Robert J. Symon
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036

(202) 393-7150 (phone)
(202) 347-1684 (facsimile)

Attorney for Plaintiff
TAKOTA CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2008, a true and correct copy of the foregoing Opposition to Motion for Leave to File Amended Cross Motion for Summary Judgment and Response to Plaintiff's Partial Motion for Summary Judgment and Proposed Findings of Uncontroverted Fact was served by electronic transmission to:

Jane C. Dempsey, Esq.
U.S. Department of Justice
1100 L St., NW, Room 12138
Washington, DC 20005
E-mail: Jane.Dempsey@usdoj.gov

*Counsel for the United States*

/s/ Robert J. Symon
ROBERT J. SYMON