**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAKOTA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-553 |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED CROSS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND AMENDED PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Defendant, the United States, respectfully submits this reply in support of our motion for leave to file an amended cross motion for summary judgment and response to plaintiff's motion for partial summary judgment and amended proposed findings of uncontroverted fact. In filing this motion for leave, we respectfully seek to provide this Court with additional facts that are directly relevant to our argument that the United States Department of Navy's ("Navy") proper termination of plaintiff, Takota Corporation ("Takota"), for default based upon fraud.

Takota opposes the Government's motion for leave, arguing that "[t]he fraud contention is based entirely on supposition, conjecture, and a reckless disregard for the facts." Pl. Resp. at 1. Takota further contends that "the accusation of fraud is a deliberate attempt on the part of the Government to intimidate Takota and to increase the cost of litigation." Id. Specifically, Takota argues that: (1) the Montemayor subcontract was never consummated; and (2) the detailed line item charges in Takota's payment applications did not include any sums for Montemayor or United Rentals. Plaintiff's contentions are without any basis. See id. at 2. The evidence cited

by the Government, including the additional evidence the Government seeks to provide to this Court in its amended brief and findings of uncontroverted fact, provides direct factual support for our position.

First, with regard to Takota's argument that it never entered into a subcontract with Montemayor, Inc. ("Montemayor"), Takota specifically identified, in its answer to question number three of the Government's First Set of Interrogatories, Montemayor as being a subcontractor who performed work for the project. DA Tab 68.[1] Takota's interrogatory answer, in addition to the other documents provided by the Government, showing that Montemayor's employees attended meetings with the Navy, prepared contractually required submittals, assisted in mobilizing the project, and billed Takota for mobilization costs, provides more than sufficient basis for the Government to argue that Takota hired Montemayor as a subcontractor to perform work on the project. DA Tabs 4-8.

Second, Takota's argument that Takota never included any sums owed to Montemayor or United Rentals in its payment applications is contradicted by the evidence submitted by the Government in our initial and amended findings of uncontroverted fact. On October 4, 2005, Takota submitted an "Application and Certificate for Payment #1," which included a request for $27,000 in payment for "100% complete" mobilization. DA Tab 69. This payment request corresponds with Montemayor's invoice in the amount of $28,222.22, which Montemayor submitted to Takota just a week prior to Takota submitting its Application and Certificate for Payment #1 to the Navy. Montemayor's invoice to Takota had included similar costs for mobilization, superintendence, and the cost of the job site trailer. DA Tab 12. However, Takota

[1] "DA__" refers to the Defendant's Appendix.

never intended to make any payments to Montemayor because on or about October 4-5, 2005, when it had submitted its Application and Certificate for Payment #1, Takota cancelled its subcontract with Montemayor. DA Tab 18. As discussed in our amended brief, Takota never paid Montemayor, even though it had certified that:

> Payments to subcontractors and suppliers have been made from previous payments received under the contract, ***and timely payments will be made from the proceeds of the payment covered by this certification***.

DA Tabs 68 (emphasis added).

Takota admits that it had submitted its first payment application on October 4, 2005, but argues that because the Schedule of Values had been rejected by the Navy, that somehow Takota does not need to be held accountable for the fact that it had certified in this particular payment application, that it would pay its subcontractors "from the proceeds of the payment covered by this certification." Pl. Resp. at 4-5. The False Claims Act "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.' Indeed, a contractor who submits a false claim for payment may still be liable under the FCA for statutory penalties, even if it did not induce the government to pay out funds or to suffer any loss." United States v. Rivera, 55 F.3d 703, 709 (1st Cir. 1995). "This focus on the claim for payment appears to reflect a congressional judgment that fraud by government contractors is best prevented by attacking the activity that presents the risk of wrongful payment, and not by waiting until the public fisc is actually damaged." Id. at 709. In deciding "whether a given false statement is a claim or demand for payment, a court should look to see if, within the payment scheme, the statement has the practical purpose and effect, and poses the attendant risk, of inducing wrongful payment." Id.

After the Navy had rejected Takota's October 4, 2005 Application and Certificate of Payment because the Schedule of Values had not yet been approved, Takota resubmitted its Application and Certificate of Payment on October 18, 2005, attaching a Schedule of Values that reflected a redistribution of the line item values for mobilization and demobilization, originally in the total amount of $45,000, resulting in $0.00 values. Takota redistributed the $45,000 into line items four through ten, fourteen, and twenty-six. DA Tab 19. Takota's November 23, 2005 Application and Certificate of Payment included a request for payment of line items four, six, and nine, all three of which Takota had increased in value by its redistribution of its mobilization and demobilization line item values. DA Tab 32. Montemayor remained unpaid. DA Tab 30.

Third, Takota maintains the Government should have followed-up, through deposition or interrogatory, upon the documentary evidence that we cite in support of our argument, and that, "[i]ndeed, that is the very purpose of discovery." Pl. Resp. at 3. However, discovery has been stayed, at the specific request of Takota, to which the Government agreed. <u>See</u> Email Correspondence between R. Symon and J. Dempsey dated May 12-19, 2008, attached as Exhibit 1. Takota's counsel wrote to the Government:

> I am, frankly, quite surprised that DOJ is not providing its client with a stronger degree of legal guidance as to how significant the Navy's risk is to a bad faith finding given the evidence in this case. Indeed, we filed this motion as a cost savings measure and a sincere belief we will be successful. If the govt were truly interested in resolving this matter on fair grounds without further delay, a better plan would be a stay pending a decision on this motion. . . .

<u>Id.</u> The Government, in an effort to be cooperative and to save both parties' potentially unnecessary costs, agreed to this requested stay. <u>See</u> <u>id.</u> More importantly, the documentary evidence provides sufficient basis upon which the Government can assert our position that the

Navy properly terminated Takota based upon fraud.

Finally, Takota will not be unduly prejudiced should this Court grant our motion for leave. We filed our motion on August 5, 2008, after notifying Takota, both on August 1, 2008, and on August 2, 2008, of our intentions. The changes made to our amended cross motion for summary judgment and response to plaintiff's motion for partial summary judgment and amended proposed findings of uncontroverted fact are extremely narrow in scope. In fact, the changes affect only four findings of uncontroverted fact (e.g., numbers 12, 27, 44, and 48), and includes the addition of one finding of uncontroverted fact (e.g., number 22a). These revised findings were incorporated into only one section of the amended brief, Section II.B. of our argument.

For these reasons, we respectfully request that the Court grant us leave to file our amended cross motion for summary judgment and response to plaintiff's motion for partial summary judgment and amended proposed findings of uncontroverted fact.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s/Jane C. Dempsey
JANE C. DEMPSEY
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.,
ATTN: Classification Unit-
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-0972
E-mail: Jane.Dempsey@usdoj.gov

August 13, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2008, copies of the foregoing "REPLY IN SUPPORT OF MOTION TO FILE AMENDED CROSS MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND AMENDED PROPOSED FINDINGS OF UNCONTROVERTED FACT" was served by electronic delivery to:

Robert J. Symon
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036
rsymon@bradleyarant.com

/s/ Jane C. Dempsey