**Dempsey, Jane (CIV)**

**From:** Symon, Robert J. [rsymon@bradleyarant.com]
**Sent:** Monday, May 19, 2008 7:59 AM
**To:** Dempsey, Jane (CIV)
**Cc:** Becker-Welts, Jeremy
**Subject:** RE: Draft response (Takota)

Jane: Thank you for agreeing to a practical approach for proceeding at this point. If you want to prepare the consent motion, that is fine...or we can do it. I know it is probably easier for you to get it approved on your end first. Jeremy and I are in all week if you want to discuss.

Regards, Bob

Robert J. Symon, Esq.
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036
(202) 719-8294 - Phone
(202) 719-8394 - Direct Fax

-----Original Message-----
From: Dempsey, Jane (CIV) [mailto:Jane.Dempsey@usdoj.gov]
Sent: Friday, May 16, 2008 5:40 PM
To: Symon, Robert J.
Cc: Becker-Welts, Jeremy
Subject: RE: Draft response (Takota)

Bob,
I understand your position, and agree with you that a stay of all proceedings (including discovery) pending the court's decision is a better plan that will save both parties costs, that may ultimately be unnecessary, in this case.

If you want, I can prepare a consent motion to that effect.

Regards,
Jane

-----Original Message-----
From: Symon, Robert J. [mailto:rsymon@bradleyarant.com]
Sent: Monday, May 12, 2008 1:08 PM
To: Dempsey, Jane (CIV)
Cc: Becker-Welts, Jeremy
Subject: FW: Draft response (Takota)

Jane -

We cannot agree to your request.

First, and most importantly, the summary judgment issue can be resolved without further discovery. The only material issues of fact the Court need consider are very simple and are not in dispute. There is also no outstanding discovery that could be conducted to change this.

Second, your most recent request for consent to extend discovery until August 14, 2008, was based on a need for additional time by your expert witness to prepare his expert report, for you to make the requisite disclosures, and to make that expert available for deposition. None of these has any impact on resolving the partial summary judgment issue.

Third, Takota could not possibly agree to drag this matter out any longer. As I indicated

to you earlier, Takota is really suffering financially as a result of the Navy's wrongful termination. I am, frankly, quite surprised that DOJ is not providing its client with a stronger degree of legal guidance as to how significant the Navy's risk is to a bad faith finding given the evidence in this case. Indeed, we filed this motion as a cost savings measure and a sincere belief we will be successful. If the govt were truly interested in resolving this matter on fair grounds without further delay, a better plan would be a stay pending a decision on this motion or a mediation in the near term(which I have asked for repeatedly).

I trust you understand our position.

--Bob

Robert J. Symon, Esq.
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036
(202) 719-8294 - Phone
(202) 719-8394 - Direct Fax

-----Original Message-----
From: Dempsey, Jane (CIV) [mailto:Jane.Dempsey@usdoj.gov]
Sent: Monday, May 12, 2008 9:26 AM
To: Symon, Robert J.
Subject:

Bob,

Will you agree to an extension to our response to your motion for summary judgment until ten days after the close of the discovery?

Thanks.

Jane C. Dempsey
Trial Attorney
Department of Justice
Commercial Litigation - National Courts
1100 L Street, N.W.
Room 12138
Washington, D.C. 20530 (20005 for overnight deliveries)
(202) 353 - 0897 phone
(202) 307 - 0972 fax

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.