IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAKOTA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-553C |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED ANSWER TO
PLAINTIFF’S FIRST AMENDED COMPLAINT

For its amended answer to plaintiff's first amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations contained in paragraph 4 are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be

deemed an allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. The allegations in paragraph 7 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations in paragraph 7 are plaintiff’s characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are Admitted to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best

evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

20a. Admits the allegations contained in the first and second sentences in paragraph 20a to the extent supported by the documents cited; otherwise denies the allegations contained in the first and second sentences in paragraph 20a. The allegations contained in the remainder of paragraph 20a are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

20b. The allegations contained in paragraph 20b are characterizations of plaintiff's case and/or a conclusions of law

to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

20c. Admits the allegations contained in the first sentence of paragraph 20c to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20c. Admits the allegations contained in the first half of the second sentence of paragraph 20c regarding the award value of the replacement contract to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first half of the second sentence of paragraph 20c. The allegations contained in the remainder of paragraph 20c are characterizations of plaintiff's case and/or a conclusions of law to which no response is required; to the extent that they may be deemed an allegations of fact, they are denied.

21. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief; to attorney fees and costs; and to any other relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

Plaintiff’s claim is barred by illegality as a result of plaintiff submitting false claims.

## Factual Background

23. In July 2005, the United States Department of the Navy ("Navy") awarded a contract to plaintiff, Takota Corporation ("Takota"), in the amount of $463,000.00. The contract required Takota to demolish and replace two boat ramps and docks in Hancock Marina, Marine Corps Air Station, located at Cherry Point, North Carolina. All work was to be completed within 150 calendar days after the contract award, and the original contract completion date was set at January 3, 2006.

24. From mid-August 2005 to the beginning of October 2005, Montemayor, Inc. ("Montemayor"), Takota's subcontractor, performed all mobilization work under the contract, and arranged for equipment rental for the project.

25. United Rentals, Inc. ("United Rentals"), an equipment supply company, provided equipment for the project.

26. On September 26, 2005, Montemayor submitted an invoice in the amount of $28,222.22 to Takota for costs of mobilization, superintendence, and the cost of the job site trailer. Takota failed to pay Montemayor for any amount of the invoice.

27. On October 4, 2005, Takota submitted an Application and Certification for Payment #1, which included a request for payment for mobilization that was "100% complete." In this progress invoice, Takota certified that "Payments to subcontractors and suppliers have been made from previous

payments received under the contract, and timely payments will be made from the proceeds of the payment covered by this certification."

28. However, Takota did not pay Montemayor for the work performed. Takota, on or about October 4-5, 2005, cancelled the subcontract with Montemayor.

29. In October 2005 and November 2005, United Rentals submitted invoices to Takota for costs associated with equipment rentals for the project. Takota failed to pay United Rentals any amount of the invoices.

30. On October 18, 2005, after Takota's first invoice was rejected by the Navy because Takota's schedule of values had not yet been approved, Takota submitted another Application and Certification for Payment, in the amount of $32,945.00, which attached a new schedule of values. The new schedule of values reflected a redistribution of the line items for mobilization and demobilization, originally in the total amount of $45,00.00, resulting in $0.00 values. Takota redistributed the $45,000.00 so that the mobilization and demobilization costs were added and absorbed into line items 4-10, 14, and 26. Again, Takota certified that "Payments to subcontractors and suppliers have been made from previous payments received under the contract, and timely payments will be made from the proceeds of the payment covered by this certification." The Navy paid the full amount of

the invoice.

31. On November 18, 2005, Montemayor resubmitted its invoice and provided supporting documentation for work performed and costs incurred under the subcontract, including costs for equipment leased from United Rentals. However, Takota still refused to pay the invoice, and Montemayor subsequently filed a claim with Takota's surety.

32. On November 23, 2005, Takota submitted another Application and Certification for Payment, in the amount of $130,000, which include payment for line items 4, 6, and 9, all of which had increased in value as a result of Takota's redistribution of the mobilization and demobilization line item values. Again, Takota certified that "Payments to subcontractors and suppliers have been made from previous payments received under the contract, and timely payments will be made from the proceeds of the payment covered by this certification." The Navy paid Takota $51,500.00, and withheld $78,500 for Takota's cofferdams upon the basis, that, although they were on site, they were not functioning properly.

33. When the invoices it submitted remained unpaid, United Rentals submitted a claim to Takota's surety. It subsequently turned the matter over to a collection agency, and eventually to an attorney. United Rentals filed a lawsuit in the district court in Clark County, Nevada on July 6, 2007.

34. Although it submitted three progress invoices to the Navy, and received payment from the Navy in the total amount of $84,445.00, Montemayor and United Rentals remained unpaid for the work performed and equipment supplied for the project.

WHEREFORE, defendant requests that plaintiff's first amended complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Jane C. Dempsey
JANE C. DEMPSEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 353-0897
Fax: (202) 305-7644

August 22, 2008 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on August 22, 2008, a copy of the foregoing “DEFENDANT'S AMENDED ANSWER TO PLAINTIFF’S FIRST AMENDED COMPLAINT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Jane C. Dempsey